NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| In the Matter of a Change of Name for<br><br>HEATHER MARIE HERNDON | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Supreme Court No. S-19018<br><br>Superior Court No. 3AN-23-08689 CI<br><br>MEMORANDUM OPINION<br>AND JUDGMENT*<br><br>No. 2078 – March 19, 2025 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Yvonne Lamoureux, Superior Court Judge.

Appearances: Heather Marie Herndon, pro se, Anchorage, Appellant.

Before: Carney, Borghesan, Henderson, and Pate, Justices. [Maassen, Chief Justice, not participating.]

1.      Herndon filed a petition seeking to change her name in December 2023. The superior court appointed a magistrate judge, who was a standing superior court master, to conduct a hearing on Herndon's petition in district court.

2.      When Herndon arrived at the hearing, she refused to identify herself to clerical staff or to the court. She also objected to the jurisdiction of the magistrate judge, arguing that the district court was not a court of "competent

---

\*      Entered under Alaska Appellate Rule 214.

jurisdiction" to hear her claim and that the proceedings should have been "sealed" or held in private. The magistrate judge explained that the hearing could not go forward as long as Herndon refused to accept the jurisdiction of the court, identify herself, or provide an oath or affirmation. When Herndon would not relent, the magistrate judge issued a recommendation to the superior court to deny Herndon's petition.

3. The superior court adopted the magistrate judge's recommendation and issued an order dismissing Herndon's petition without prejudice, explaining that it could not grant the petition because Herndon refused to appear at the hearing.

4. Herndon appeals, arguing that the district court lacked jurisdiction to hear her petition and that the superior court erred by refusing to seal the proceedings and by dismissing her petition.

5. Herndon alleges that the district court lacked jurisdiction to hear her case. But although the magistrate judge was appointed to the district court, he presided over her case as a superior court master. And his recommendation was forwarded to a superior court judge who issued the order dismissing Herndon's case. Her challenge to the district court's authority is therefore irrelevant as well as baseless.[1]

6. We reject Herndon's argument that the proceedings should have been sealed from the public. The Alaska Court System has adopted a rule that court records, including "any document, information, data, or other item created, collected, received, or maintained by the court system in connection with a particular case," are generally accessible to the public.[2] Herndon's argument that her rights under the Fourth Amendment were violated when the superior court "commingled [her] private filings making it public" is without merit. Herndon has no reasonable expectation of privacy

---

[1] *See* Alaska R. Civ. P. 53 (governing appointment and powers of masters).

[2] Alaska Admin. R. 37.5(c)-(e).

in information that she voluntarily submitted to the government.[3]  She offers no legitimate reason as to why the hearing should be confidential or why the records should be sealed or designated as confidential.  And the public's interest in a change of name proceeding generally weighs in favor of public access.[4]

7.  Finally, we hold that the superior court did not err by dismissing the petition because Herndon refused to appear.[5]  The dismissal was without prejudice, which affords Herndon a chance to re-file her petition if she chooses to do so.  A change of name "may not be made unless the court finds sufficient reasons for the change and also finds it consistent with the public interest."[6]  A court may grant a name change only when "there is no reasonable objection"[7] and when the change is not being made for an impermissible purpose.[8]  Herndon's refusal to appear at the hearing prevented any inquiry into whether she had "sufficient reasons for the change" or whether the name change was "consistent with the public interest."[9]  The governing statute and accompanying rule of civil procedure support the superior court's conclusion that Herndon's petition for a name change required her appearance.[10]

8.  We AFFIRM the superior court's dismissal of the petition.

---

[3]  *See* AS 40.21.110(a) (making Alaska public records generally open to inspection); Alaska Admin. R. 37.5(d) (making Alaska judicial records open to inspection); *Alarcon v. Murphy*, 248 Cal. Rptr. 26, 30 (Cal. App. 1988).

[4]  *See* Alaska R. Civ. P. 84(b) (requiring public notice of petition for change of name).

[5]  *Nunez v. Am. Seafoods*, 52 P.3d 720, 721 (Alaska 2002) (using our independent judgment to review dismissal on pleadings).

[6]  AS 09.55.010(a); *see* Alaska R. Civ. P. 84(a) (requiring change of name petition to "set[] forth the reasons for requesting a change of name").

[7]  Alaska R. Civ. P. 84(c).

[8]  *See* AS 09.55.010(c).

[9]  AS 09.55.010(a).

[10]  *See* AS 09.55.010; Alaska R. Civ. P. 84.